**5**

MCNUTT LAW GROUP LLP
SCOTT H. MCNUTT (CSBN 104696)
MICHAEL C. ABEL (CSBN 187743)
THOMAS B. RUPP (CSBN 278041)
219 9th Street
San Francisco, California 94103
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for Defendants,
Michael G. Kasolas, individually and
as Chapter 7 Trustee, McNutt Law Group LLP,
Scott H. McNutt, and Michael C. Abel

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>YOUSIF H. HALLOUM,<br><br>Debtor. | Case No. 12-21477<br><br>Chapter 7<br><br>Adv. No. 15-02091 |
| YOUSIF H. HALLOUM, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HILTON A. RYDER, *et al.*,<br><br>Defendants. | **STATEMENT OF TRUSTEE DEFENDANTS FOR JUNE 2, 2015 STATUS CONFERENCE**<br><br>Judge: Hon. Christopher M. Klein<br>Date: June 2, 2015<br>Time: 9:30 a.m.<br>Place: Department C, Courtroom 35<br>501 I Street<br>Sacramento, California |

This statement is submitted by Michael G. Kasolas, both in his individual capacity and as Chapter 7 Trustee (the "Trustee"), McNutt Law Group LLP ("MLG"), Scott H. McNutt ("McNutt"), and Michael C. Abel ("Abel," together with the Trustee, MLG, and McNutt, the "Trustee Defendants"), for the June 2, 2015 status conference.

## **NATURE OF PROCEEDING**

Yousif H. Halloum ("Joe" or the "Debtor") and Iman Y. Halloum ("Iman" and with Joe, "Plaintiffs") filed a complaint ("Complaint") against the Trustee and professionals involved in

00051266-1

1  Joe's bankruptcy case. The defendants include the Trustee Defendants; Joe's former chapter 11
2  counsel, Hilton Ryder and his law firm ("Ryder Defendants"); and counsel for the principal
3  secured creditor in Joe's bankruptcy, Bank Midwest (the "Bank Group").[1]

4       The Bank Group filed a counterclaim ("Counterclaim") against Plaintiffs and a conditional
5  crossclaim against the Trustee. The Trustee Defendants will file an answer to the Bank Group's
6  conditional crossclaim before the status conference.

7       On May 26, 2015, Mr. Halloum emailed a copy of his MOTION REQUESTING TO COMPEL
8  THE TRUSTEE TO SUBMIT FINAL BILL OF ADMINISTRATIVE FEES, CLOSE THE CASE, AND TO REPLACE
9  TRUSTEE TO PURSUE THE PENDING APPEALED CLAIMS ("Motion to Compel"). The hearing date on
10 the Motion to Compel is June 2, 2015. There was no application requesting that the hearing on the
11 Motion to Compel be heard on shortened time.

12      As of the filing of this statement, it is unclear whether the Debtor has filed the Motion to
13 Compel or whether it will have been properly noticed or scheduled for a hearing on June 2, 2015.
14 The Trustee Defendants will vigorously oppose any effort to appoint a new trustee in the case to
15 complete the administration of the estate.

16      However, the Trustee Defendants believe that the Court should consider taking steps at the
17 status conference that would allow this matter to proceed as efficiently as possible. For example:

18      (a)    The Court may consider deferring any determination regarding the appointment of
19 a new trustee until such time that the Debtor can present some credible evidence of wrongdoing.
20 The fact that the Debtor does not like what has happened or what the Trustee has done does not
21 satisfy the requirements for the appointment of a new trustee.

22      (b)    Since the Halloums contend that the Trustee Defendants have engaged in alleged
23 misconduct, for those causes of action included in the Complaint that are property of the
24 bankruptcy estate, the Halloums could be authorized by the Court to act as the nominal plaintiffs

---

[1] The Bank Group filed a status conference statement on or about May 26, 2015, which included a more comprehensive discussion of the background and procedural posture of the case. The Trustee Defendants agrees with the discussion as described therein.

(on behalf of the estate) to advance the claims included in the Complaint, provided that any potential recovery would be for the benefit of the estate (not the Halloums, personally).  If the Halloums are willing to proceed accordingly, and if there is no other entity that seeks to intervene to pursue the claims (*i.e.*, the US Trustee), then the dismissal of the Complaint would be WITH PREJUDICE.

(c) If the Halloums proceed as the nominal plaintiffs, they would be required to file an answer to the Bank Group's Counterclaim by a date certain (*e.g.*, June 9, 2015, which is nearly three months after they were served with the Counterclaim).

(d) As a condition of their participation on terms as described above, the Halloums would need to immediately clarify on the record whether any other attorneys are involved with assisting or representing them in connection with this matter, and if not represented, that they agree to email services for all purposes at the following email account: NOOR123@aol.com.

It is absolutely essential to clarify, in advance, what claims are property of the estate and who is authorized to pursue the claims (for the benefit of the estate).  It may be the case that the Halloums are less inclined to pursue certain claims if it is made clear to them that they will not directly be entitled to the proceeds of the action.

It may be that the Court has other ideas or suggestions for procedures that might be applied to allow this matter to proceed as promptly as possible.  The Trustee Defendants believe that that there may be alternatives to what has been suggested above.  In any event, these issues should be discussed at the status conference.

## DISCOVERY ISSUES

In its May 12, 2015 ORDER TO CONFER ON INITIAL DISCLOSURES AND SETTING DEADLINES [Docket No. 59], the Court directed parties to carry out certain steps before the status conference. These included (i) conducting a discovery conference at least 21 days beforehand, at which they would explore settlement possibilities and develop a written discovery plan, and (ii) within 14 days after that conference, making prescribed initial disclosures under Federal Rule of Civil Procedure 26(a).

1    Needless to say, none of the parties could not participate in a discovery conference with

2 Plaintiffs (or others) at least 21 days before the status conference, because the Court's order was

3 issued on the 21st day beforehand.

4    The Trustee Defendants agree with the Bank Group that there is no potential for

5 settlement. The Halloums are not represented by counsel in the adversary proceeding and the only

6 people telling them there is no basis for their claims are the people they are suing.

7    The Trustee Defendants understand that that Bank Group is preparing a motion for

8 summary judgment. The Trustee Defendants anticipate joining in that motion and may file their

9 own motion. The Trustee Defendants submit that no purpose would be served by developing a

10 discovery plan at this stage.

11    As to initial disclosures, the Trustee Defendants hereby advise that:

12    (i)    Its witnesses could include the Trustee, Scott McNutt, Michael Abel, Alan Koenig,

13 David Katzen, and possibly Bank Midwest (Franklin Gardiner);

14    (ii)    documentary evidence would likely consist of materials filed in Joe's chapter 7

15 case, No. 12-21477, probably including Docs 1, 333, 376, 449, 453, 470, 481, 487, 490, 495, 505,

16 532, 556, 569, 598, 621, 622, 634, 652, 886, and 904, as well as Adv. Proc. 12-02184 Docs 1 and

17 10 (but, at this early stage, that list is not intended to be exhaustive);

18    (iii)    the Trustee Defendants currently have no damage-related information; and

19    (iv)    the Trustee Defendants currently are not currently aware of any relevant insurance

20 policies.

21    The Trustee Defendants reserve the right to modify or augment the foregoing initial

22 disclosures if and when they become aware of further information that could be germane.

23    **CONCLUSION**

24    The Debtor and Mrs. Halloum assert many claims. All of these arise from events that have

25 been approved by this Court and are subject to the Trustee's business judgment. The Debtor and

26 Mrs. Halloum cannot proceed in a parallel universe unconstrained by the Court's previous orders

27 authorizing the Trustee's settlement with the Bank, the sale of the Debtor's assets, and other

28 matters. The Trustee Defendants look forward to this Court's support in finding the most efficient

1 | path to bringing this case to a close.

2 | DATED: May 26, 2015     McNUTT LAW GROUP LLP

By: _/s/ Michael Abel_
Michael C. Abel
Attorneys for Defendants, Michael G. Kasolas, individually and as Chapter 7 Trustee, McNutt Law Group LLP, Scott H. McNutt, and Michael C. Abel